IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:04CV54

EVELYN COLLINS, )
    Plaintiff )
     )
v. ) PLAINTIFF'S STATUS REPORT
     ) RE ARBITRATION
DILLARD'S, INC., )
    Defendant )

NOW COMES the Plaintiff pursuant to the Court's Order of May 28, 2004, and advises the Court as follows:

    1. An arbitration hearing was held in Asheville, North Carolina, on June 13 and 14, 2005, before Dennis R. Nolan, Arbitrator.

    2. At the close of the Plaintiff's evidence, Defendant moved for a directed verdict which motion was allowed by the arbitrator. A copy of the Ruling on Defendant's Motion for Directed Verdict is attached hereto.

Respectfully submitted this the ____ day of August, 2005.

THE MOORE LAW FIRM

BY: _____
GEORGE W. MOORE
Attorney for Plaintiff
P. O. Box 7602
Asheville, NC 28802
828-258-8053
N.C.S.B. No.: 3073

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of this pleading upon the opposing party or his attorney as provided in North Carolina Rule of Civil Procedure 5(b) by delivering a copy to said party or by delivery of copy to John D. Cole, Attorney for Defendants, Ogletree, Deakins, Nash, Smoak, and Stewart, Attorneys at Law, 400 West Trade Street, Charlotte, North Carolina 28202-1627, in a post paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service.

This the 9th day of August 2005.

GEORGE W. MOORE

```
************************************************************************
```

In the Matter of the Arbitration Between

**EVELYN COLLINS,**
**Claimant**

        and                     Case No. AAA Case No. 31 160 00173 04

**DILLARD'S DEPARTMENT STORES, INC.,**
**Respondent**

```
************************************************************************
```

**Before:**     Dennis R. Nolan, Arbitrator, Columbia, South Carolina

### RULING ON MOTION FOR DIRECTED VERDICT

      At the close of the Plaintiff's case, Defendant moved for a directed verdict. It asserted that Plaintiff failed to show that she was "disabled" within the meaning of the ADA. EEOC regulations and Supreme Court and Fourth Circuit precedent establish that an impairment becomes a disability under that statute only if it substantially limits a person in a "major life activity." The only major life activity alleged by Plaintiff is the activity of working. In order to prove that assertion, Plaintiff must show that her impairment prevented her from working in a class of jobs or a wide range of jobs within a class. In order to do that, she would have to demonstrate, among other things, the geographic area in which she could work, the jobs available in that region, and the jobs that she could not perform.

      The evidence in Plaintiff's case, in contrast, demonstrated that she has worked successfully in a wide variety of jobs since she was thirteen. No witness identified anything that other workers could do but Plaintiff could not. No witness identified any class of jobs from which she was foreclosed. Her successes are admirable, but they refute the notion that she was disabled as the courts have interpreted that term. Plaintiff has not suggested that either of the other prongs of ADA protection (a record of a disability or a perception on the part of others that she was disabled) applies to her situation.

      Because Plaintiff failed to show that she was protected by the ADA, I must grant Defendant's motion for a directed verdict in its favor.

                                                                  */s/ Dennis R. Nolan*
                                                                  Dennis R. Nolan, Arbitrator

**Date:** June 15, 2005

**State of South Carolina**
**County of Richland**